UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VALTOHA INC., et al.,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-01497-DC-CSK<br><br>FINDINGS AND RECOMMENDATIONS DECLINING SUPPLEMENTAL JURISDICTION & DENYING MOTION FOR DEFAULT JUDGEMENT<br><br>(ECF Nos. 11, 15) |

On May 28, 2024, Plaintiff Richard Sepulveda filed this action against Defendants Valtoha, Inc., individually and dba ("doing business as") Patterson Chevron, and Nardeep Sandhu, individually and dba Patterson Chevron, alleging the following causes of action: (1) violation of the Americans with Disabilities Act of 1990 pursuant to 42 U.S.C. § 12101, *et seq.* ("ADA"); (2) violation of California's Health and Safety Code § 19955, *et seq.* ("Health and Safety Code § 19955"); (3) violation of California's Disabled Person Act pursuant to California Civil Code §§ 54, 54.1, and 54.3 ("Disabled Person Act'); and (4) violation of California's Unruh Civil Rights Act pursuant to California Civil Code §§ 51 and 51.5 ("Unruh Act").[1] Compl. ¶¶ 18-71 (ECF No. 1). These claims stem from alleged barriers Plaintiff encountered while he visited Patterson Chevron,

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1  which is owned and operated by Defendants. Compl. ¶¶ 4-5. On July 17, 2024, Plaintiff
2  requested a Clerk's entry of default as to all Defendants, which was entered on July 18,
3  2024. (ECF Nos. 9, 10.) On September 17, 2024, Plaintiff filed a motion for default
4  judgment and set a hearing for October 29, 2024. (ECF No. 11.) On October 16, 2024,
5  after Defendants had failed to oppose the motion, the Court vacated the hearing date
6  and provided Defendants one final opportunity to oppose the motion before taking the
7  motion under submission. (ECF No. 13.) To date, Defendants have not responded or
8  appeared in this action.

On May 8, 2025, the Court ordered Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over his state law claims. (ECF No. 15.) On May 9, 2025, Plaintiff filed a timely response to the Court's order to show cause. (ECF No. 16.)[2] For the reasons that follow, the Court recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims (Claim 2, for violation of California's Health and Safety Code § 19955, et seq.; Claim 3, for violation of California's Disabled Person Act pursuant to Cal. Civ. Code §§ 54, 54.1, and 54.3; and Claim 4, for violation of California's Unruh Act), these state law claims be dismissed without prejudice, and the motion for default judgment (ECF No. 11) be denied without prejudice, subject to renewal as to Plaintiff's remaining claim (Claim 1, for violation of the ADA).

I.  **THE COMPLAINT**

The Complaint alleges Plaintiff is a Vietnam veteran who is limited in the use of his legs and uses a walker. Compl. ¶ 6. Defendants own and operate a business, known as Patterson Chevron, located at 32 North 2nd Street, Patterson, California. *Id*. ¶¶ 7, 11. On or about April 27, 2024, Plaintiff visited Defendants' business "for the purposes of buying food and drink." *Id*. ¶ 12. Plaintiff encountered architectural barriers that denied him access to a public accommodation in violation of state and federal laws. *Id*. ¶ 13, 17.

---

[2]  Plaintiff filed a supplemental response to the Court's 05/08/2025 Order to Show Cause on May 29, 2025. (ECF No. 17.) Although Plaintiff's supplemental response was filed after the Court's deadline, the Court will consider the filing in its determination.

Specifically, Plaintiff alleges Defendants' designated disabled-accessible parking space was defective. *Id*. ¶ 4. Plaintiff further alleges he was deterred from visiting on May 27, 2024. *Id*. ¶ 12. Based on these visits, Plaintiff seeks damages and injunctive relief. *Id*. at 21-22.

## II.   LEGAL STANDARDS

A court that has original jurisdiction over a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Notably, the Ninth Circuit has held that claims asserted under the ADA and Unruh Act, "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding, they form part of the same case or controversy for purposes of § 1367(a)." *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021) (internal quotation marks and citations omitted). However, supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's rights" and district courts "can decline to exercise jurisdiction over pendant claims for a number of valid reasons." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Under 28 U.S.C. § 1367(c), a district court may decline supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4). The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under the first three provisions." *San Pedro Hotel Co. v. City of Los Angeles*, 159

F.3d 470, 478 (9th Cir. 1998). However, a district court is required to identify why circumstances may be "exceptional" when declining jurisdiction under § 1367(c)(4). *Arroyo v. Rosas*, 19 F.4th at 1210.

A district court's inquiry as to whether to decline jurisdiction under 28 U.S.C. § 1367(c)(4) involves a two-party inquiry. *Arroyo*, 19 F.4th at 1210. First, the district court must identify "why the circumstances of the case are exceptional within the meaning of § 1367(c)(4)." *Id*. (citation omitted). Second, to evaluate "whether there are 'compelling reasons for declining jurisdiction' in a given case, the court should consider what 'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine' articulated in *Gibbs*." *Arroyo*, 19 F.4th at 1210 (citing *Int'l Coll. of Surgeons*, 522 U.S. at 172-73). These two inquiries are "not particularly burdensome." *Id*. (citation omitted).

### III.   DISCUSSION

As to the first inquiry, the Court finds circumstances here are exceptional within the meaning of 28 U.S.C. § 1367(c)(4). The Ninth Circuit in *Arroyo*, 19 F.4th at 1205, 1207, recognized the "recent changes in California law governing Unruh Act claims" and the California Legislature's imposition of "additional procedural requirements on construction-related accessibility claims' in order to address what it believed was continued abuse by 'high-frequency litigants.'" Under California law, "high-frequency litigants," are defined as "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. § 425.55(b)(1). "High-frequency litigants" are subject to a special filing fee and further heightened pleading requirements. *See* Cal. Govt. Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A). The requirements apply not just to claims brought under the Unruh Act, but also to claims related to disability access under the California's Health and Safety Code and California's Disabled Person Act. *See Gilbert v. Singh*, 2023 WL 2239335, at *2 (E.D. Cal. Feb. 27, 2023) (holding claims

4

brought under California Health and Safety Code are "construction-related accessibility claims" that are subject to the same pleading and filing requirements as a claim under the Unruh Act) (citing *Vo v. Choi*, 49 F.4th 1167, 1172-74 (9th Cir. 2022); *Arroyo*, 19 F.4th at 1211-14); *Sepulveda v. Kobaree,* 2023 WL 5020267, at *2 (N.D. Cal. Aug. 4, 2023) (holding California Health and Safety Code claims are "subject to the same procedural requirements as Unruh Act and Disabled Person Act claims"). As a result, the Ninth Circuit has explained that "[t]he resulting differences between state court and federal court have produced significant consequences for the filing of ADA-based Unruh claims" and because "the significant expense and burden of California's newly imposed rules for 'construction-related accessibility claims' can be avoided by pairing the Unruh Act claim with a parallel federal ADA claim and then filing the suit in federal court" there has been a large increase in the number of ADA cases filed in federal court. *Arroyo*, 19 F.4th at 1207. Accordingly, "plaintiffs can circumvent the restrictions on high-frequency litigants by filing their complaints in federal court, asserting federal question jurisdiction over the ADA claim and supplemental jurisdiction of the state law claims. *Shayler v. 1310 PCH*, LLC, 51 F.4th 1015, 1018 (9th Cir. 2022) (citing *Arroyo* 19, F.4th at 1207). Therefore, the Ninth Circuit has had "little difficulty" in reaching the conclusion that "the legal landscape" concerning Unruh Act actions constitute exceptional circumstances within the meaning of 28 U.S.C. § 1367(c)(4). *See Vo*, 49 F.4th at 1169 *(citing Arroyo*, 19 F.4th at 1214).

      Here, the Court's review of its records shows Plaintiff has filed ten or more complaints alleging a construction-related accessibility violation within the twelve-month period immediately preceding the filing of the current complaint. *See Sykes v. Rios*, 2024 WL 5186841, at *1 n.1 (E.D. Cal. Dec. 20, 2024) ("It is well established that a court can take judicial notice of its own files and records under [Federal Rule of Evidence] 201."). Plaintiff also does not dispute he is a high-frequency litigant and would therefore be subject to California's heightened pleading and procedural standards that apply to high-frequency litigants in state court. *See* ECF Nos. 16, 17. Consistent with Ninth Circuit

precedent, the Court finds exceptional circumstances are present here within the meaning of 28 U.S.C. § 1367(c)(4).

As to the second inquiry, the Court finds compelling reasons for declining supplemental jurisdiction within the meaning of 28 U.S.C. § 1367(c)(4). In its evaluation of this inquiry, the Court considers the *Gibbs* values of economy, convenience, fairness, and comity. *See Vo*, 49 F.4th at 1171. Plaintiff argues the Court should exercise supplemental jurisdiction because other courts in this district have retained jurisdiction raising the same claims on motions for default judgment. ECF Nos. 16 at 1-2 (citing *Sepulveda v. Gray*, 2:23-cv-02769 (E.D. Cal. Nov. 19, 2024); *Sepulveda v. Garcia*, No. 2:23-cv-02177 (E.D. Cal. Nov. 13, 2024)); 17 at 1 (citing *Sepulveda v. Mann Bros Truck Stop Inc.*, No. 2:24-cv-01863 (E.D. Cal. May 23, 2025)). Plaintiff further argues the Court's ruling on the pending motion for default judgment will ultimately decide the ADA claim, which "*Arroyo's* reasoning arguably militates in favor of exercising jurisdiction over the Unruh claim in this case." ECF No. 16 at 4. Finally, Plaintiff argues that Defendants should not "gain the advantage of delay" by "causing plaintiff to have to go to state court to open a new case" thereby "multiplying the litigation burden for the courts." *Id.* The Court disagrees with Plaintiff. This action is in its early stages of litigation. Plaintiff also acknowledges this. *See* ECF No. 16 at 4 ("It is true that we are at an early stage of the litigation[.]"). Moreover, no defendant has appeared, and the merits of Plaintiff's claims have not been addressed. Accordingly, this is not a situation such as in *Arroyo*, where the Court has addressed Plaintiff's ADA claim and where the case is at a "very late stage" such that declining to exercise supplemental jurisdiction would be inappropriate. *Compare Arroyo*, 19 F.4th at 1214 (finding district court abused its discretion declining to exercise supplemental jurisdiction at a "very late stage" of the litigation after it had granted summary judgment on ADA claim), *with Vo,* 49 F.4th at 1172 (finding the district court "completely sidestep[ed] the core concern articulated in *Arroyo*" when it declined supplemental jurisdiction "well before it ruled on the merits of the ADA claim."). Moreover, Plaintiff improperly assumes that he will be successful in this action. The fact

that declining supplemental jurisdiction would duplicate litigation does not, in light of other considerations, warrant retaining jurisdiction. Especially in light of California's requirements for Unruh Act claims, such that it would not be fair, nor would comity be served, if Plaintiff would be able to proceed on his state law claims in this Court and "wholly thwart" California's policy objectives in this area. *See Arroyo*, 19 F.4th at 1214 (noting "comity-based concerns that California's policy objectives in this area were being wholly thwarted and its courts were being deprived of their crucial role in carrying out the Legislature's reforms of the Unruh Act."). For these reasons, the Court finds declining to exercise supplemental jurisdiction over Plaintiff's state law claims is appropriate and consistent with the Ninth Circuit. *See Garcia v. Maciel*, 2022 WL 395316, at *5 (N.D. Cal. Feb. 9, 2022) ("Under the circumstances of this case, which has not progressed beyond threshold questions of standing and jurisdiction, the strong comity concerns identified by the Ninth Circuit in *Arroyo* outweigh any countervailing considerations of economy and efficiency that might be adversely affected by requiring [plaintiff] to refile his Unruh Act claim in state court."). This is also consistent with district courts in California declining to exercise supplemental jurisdiction over state law claims brought under the Unruh Act and other California disability access statutes. *See, e.g.*, *Sepulveda v. Taqueria y Carniceria Martinez LLC*, 2024 WL 69066, at *2 (N.D. Cal. Jan. 5, 2024); *Gilbert v. Singh*, 2023 WL 2239335, at *2 (E.D. Cal. Feb. 27, 2023); *Sepulveda v. Kobaree*, 2023 WL 5020267, at *2 (N.D. Cal. Aug. 4, 2023).

Accordingly, the Court finds circumstances in this action are exceptional and there are other compelling reasons to decline exercising supplemental jurisdiction over Plaintiff's Unruh Act and related state law claims pursuant to 28 U.S.C. § 1367(c)(4). The Court therefore recommends dismissal of Plaintiff's Health and Safety Code § 19955 claim (Claim 2), Disabled Person Act claim (Claim 3), and Unruh Act claim (Claim 4), without prejudice to the refiling of these claims in state court.

## IV.  CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1. The Court DECLINE to exercise supplemental jurisdiction over Plaintiff's Claim 2 for violation of California's Health and Safety Code § 19955, et seq., Claim 3 for violation of California's Disabled Person Act pursuant to Cal. Civ. Code §§ 54, 54.1, and 54.3, and Claim 4 for violation of California's Unruh Act, and that these claims be DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c)(4);

2. Plaintiff's motion for default judgment (ECF No. 11) be DENIED without prejudice, subject to renewal as to Plaintiff's remaining ADA claim (Claim 1); and

3. Plaintiff be GRANTED thirty (30) days to file a second motion for default judgment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: June 23, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, sepu1497.24