UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA, | Case No. 2:24-cv-01497-DC-CSK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT |
| v. | |
| VALTOHA, INC., et al., | (ECF No. 20) |
| Defendants. | |

Pending before the Court is Plaintiff Richard Sepulveda's second motion for default judgment against Defendants Valtoha, Inc., individually and dba ("doing business as") Patterson Chevron, and Nardeep Sandhu, individually and dba Patterson Chevron pursuant to Federal Rule of Civil Procedure 55(b)(2).[1] (ECF No. 20). This motion was noticed for a hearing for October 28, 2025 before the undersigned. (ECF No. 20.) Defendants did not file a response to the motion, nor have they appeared in this case in any way. *See* Docket. On October 3, 2025, Plaintiff's motion was taken under submission without argument pursuant to Local Rule 230(g). 10/3/2025 Order (ECF No. 21). For the reasons stated below, the Court recommends Plaintiff's second motion for

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 302(c)(19).

1

default judgment be GRANTED, and that judgment be entered in favor of Plaintiff.

I.      BACKGROUND

A.      Facts

The Complaint alleges Plaintiff is a physically disabled person who is limited in the use of his legs and uses a walker. Compl. ¶ 6 (ECF No. 1). Defendants own and operate a business, known as Patterson Chevron, located at 32 North 2nd Street, Patterson, California (the "Property"). *Id*. ¶¶ 7, 11. Plaintiff alleges the Property is a public accommodation and business establishment. *Id*. ¶ 3. On or about April 27, 2024 and May 27, 2024, Plaintiff visited the Property "for the purpose of buying food and drink." *Id*. ¶ 12. Plaintiff encountered architectural barriers that denied him access to a public accommodation. *Id*. ¶¶ 12-13, 17. Specifically, Plaintiff alleges Defendants' designated disabled-accessible parking space was defective based on improper parking space dimensions; lack of properly painted passenger access aisle and parking space; lack of properly-configured van accessible space; and improper parking space signage. *Id*. ¶ 4. Plaintiff, who lives 25 miles from the Property, plans to return to the Property once it is made accessible. *Id*. ¶ 14.

B.      Procedural Background

On May 28, 2024, Plaintiff initiated this action alleging the following causes of action: (1) violation of the Americans with Disabilities Act of 1990 pursuant to 42 U.S.C. § 12101, *et seq.* ("ADA"); (2) violation of California's Health and Safety Code § 19955, *et seq.* ("Health and Safety Code § 19955"); (3) violation of California's Disabled Person Act pursuant to California Civil Code §§ 54, 54.1, and 54.3 ("Disabled Person Act'); and (4) violation of California's Unruh Civil Rights Act pursuant to California Civil Code §§ 51 and 51.5 ("Unruh Act"). Compl. ¶¶ 18-71. On June 5, 2024, Plaintiff filed proofs of service of summons and complaint on Defendants. (ECF No. 5.) On July 17, 2024, Plaintiff filed a request for entry of default against Defendants after Defendants failed to appear. (ECF No. 9.) On July 18, 2024, the Clerk of the Court entered default as to Defendants. (ECF No. 10.) On September 17, 2024, Plaintiff moved for default judgment

against Defendants. (ECF No. 11.) After Defendants failed to oppose the motion, the Court vacated the hearing date and provided Defendants one final opportunity to respond to the motion. 10/15/2024 Order (ECF No. 13). Defendants did not respond.

On May 8, 2025, the Court ordered Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over his state law claims. 5/8/2025 Order (ECF No. 15). Plaintiff filed a response to the Court's May 8, 2025 order to show cause. (ECF Nos. 16, 17.) On June 23, 2025, the Court issued Findings and Recommendations recommending the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims (Claims 2-4); deny without prejudice Plaintiff's motion for default judgment; and grant Plaintiff 30 days to file a second motion for default judgment. 6/23/2025 Order (ECF No. 18). On August 7, 2025, the assigned district judge adopted the June 23, 2025 Findings and Recommendations in full and declined to exercise supplemental jurisdiction over Plaintiff's Claims 2-4; denied Plaintiff's motion for default judgment without prejudice subject to renewal as to Plaintiff's remaining ADA claim (Claim 1); and granted Plaintiff 30 days to file a second motion for default judgment. 8/7/2025 Order (ECF No. 19).

On September 7, 2025, Plaintiff filed a second motion for default judgment and set it for a hearing for October 28, 2025. (ECF No. 20.) After Defendant failed to respond to the second motion for default judgment, on October 3, 2025, the Court issued an order taking Plaintiff's motion under submission; vacating the hearing; ordering a written response from Defendants by October 17, 2025; and directing Plaintiff to serve Defendants with a copy of the order. 10/3/2025 Order. On October 4, 2025, Plaintiff filed a proof of service indicating that Defendants were served on the same day with a copy of the October 3, 2025 Order. (ECF No. 22.) Defendants did not respond. *See* Docket.

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, this default does not

automatically entitle the plaintiff to a judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citations omitted). The decision to grant or deny the entry of default judgment is within the district court's discretion. *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016).

In determining whether to enter default judgment, courts consider the following factors:

1. the possibility of prejudice to the plaintiff;

2. the merits of the substantive claim(s);

3. the sufficiency of the complaint;

4. the amount of money at stake in the lawsuit;

5. whether there are any disputes of material fact;

6. whether the defendant's default was due to excusable neglect; and

7. the strong policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Ninth Circuit has long disfavored default judgments, counseling that cases be decided on the merits "whenever reasonably possible." *Id*. at 1472.

Once a default is entered, all well-pled allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Further, a plaintiff's allegations regarding damages are not deemed true at default, and the plaintiff bears the burden to prove damages with evidence. *See* Fed. R. Civ. P. 55(b)(2)(C); *Geddes v. United Fin. Grp.,*

559 F.2d 557, 560 (9th Cir. 1977).

## III.   DISCUSSION

Plaintiff moves for default judgment against Defendants on his sole remaining claim under the ADA (Claim 1). *See generally* Pl. Mot. (ECF No. 20). Plaintiff seeks declaratory and injunctive relief, attorneys' fees, and costs. *Id*. ¶¶ 35, 51.

### A.   Jurisdiction and Service

As a preliminary matter, a court considering whether to enter default judgment must first determine whether it has jurisdiction over both the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

The Court has subject matter jurisdiction over this action pursuant to federal question jurisdiction for a claim brought pursuant to the ADA. 28 U.S.C. § 1331. In addition, the Court has personal jurisdiction over Defendant Sandhu who is a California resident and Defendant Valtoha, Inc. who is a California corporation. (ECF No. 5.)

The Court also finds service was proper under Federal Rules of Civil Procedure 4. Rule 4(e) of the Federal Rules of Civil Procedures allows for service of an individual by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). On May 31, 2024, Defendant Sandhu was personally served with the Complaint and summons. (ECF No. 5.) As for Defendant Valtoha, Inc., under California law, a corporation may be served by delivering a summons and complaint to certain individuals, including the person designated as agent for service of process. Cal. Civ. Proc. § 416.10(a)-(b). Here, Defendant Valtoha, Inc.'s designated agent for service of process was personally served on May 31, 2024. (ECF No. 5.)

### B.   *Eitel* Factors

For the following reasons, the Court finds that the *Eitel* factors weigh in favor of granting default judgment against Defendants.

#### 1.   Factor One: The Possibility of Prejudice to the Plaintiff

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment were not entered, and such potential prejudice to the plaintiff weighs in favor of

granting a default judgment. *See PepsiCo,* 238 F. Supp. 2d at 1177. Here, the Clerk of the Court entered default against Defendants on July 18, 2024 (ECF No. 10), and Defendants have not participated in the litigation despite being served with the Complaint, two default judgment motions, the Court's October 15, 2024 and October 3, 2025 Orders providing Defendants with an additional opportunity to respond. *See* Docket. Plaintiff would suffer prejudice if the Court did not enter a default judgment. Accordingly, the first *Eitel* factor favors the entry of default judgment.

> 2.    Factors Two and Three: The Merits of the Claim and the Sufficiency of the Complaint

The merits of Plaintiff's substantive claim and the sufficiency of the Complaint are considered together due to the relatedness of the two inquiries. The Court must consider whether the allegations in the Complaint are sufficient to state a claim that supports the relief sought. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. Here, the merits of the claim and the sufficiency of the Complaint favor entry of default judgment.

Plaintiff moves for default judgment as to sole remaining claim for a violation under the ADA (Claim 1). *See generally* Pl. Mot. Because the court dismissed Plaintiff's claims for violations of the Health and Safety Code § 19955 (Claim 2), Disabled Person Act (Claim 3), and Unruh Act (Claim 4) on August 7, 2025, the Court does not address these claims below. *See* 8/7/2025 Order.

"Title III of the ADA prohibits discrimination in public accommodations[.]" *Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260, 1263 (9th Cir. 2015). The elements of a Title III claim are: (1) plaintiff is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was discriminated against by the defendant because of plaintiff's disability. 42 U.S.C. § 12182(a); *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). Discrimination, in this context, includes "a failure to remove architectural barriers […] in existing facilities […]

6

where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

Plaintiff alleges he is a physically disabled person, who is limited in the use of his legs and uses a walker. Compl. ¶ 6. The Property is a public accommodation or facility and a business establishment that provides services to the public. *Id*. ¶¶ 3, 11. Plaintiff alleges Defendants are the "owners, operators, lessors, and/or lessees, franchisors and/or franchisees" of the Property. *Id*. ¶¶ 7-8, 11. Plaintiff further alleges that he visited the Property on or about April 27, 2024 and May 27, 2024 and that the designated disabled-accessible parking space was defective based on improper parking space dimensions; lack of properly painted passenger access aisle and parking space; lack of properly-configured van accessible space; and improper parking space signage, thereby denying him access to a public accommodation. *Id*. ¶¶ 4, 12-13, 17. Plaintiff further alleges that the removal of these architectural barriers is readily achievable and that these barriers have prevented him from enjoying access to the Property, deterred him from visiting the Property, and have caused him embarrassment and humiliation. *Id*. ¶¶ 5, 17, 30. Taken as true, the Court finds the allegations of the Complaint are sufficient and state a meritorious ADA claim.

The Court therefore finds the second and third *Eitel* factors favor the entry of default judgment.

3.    Factor Four: The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of Defendants' conduct. *PepsiCo,* 238 F. Supp. 2d at 1176. The sum of money at stake here is significant, though not unreasonable as it is directly connected to Defendants' conduct. Accordingly, the fourth *Eitel* factor favors the entry of default judgment.

4.    Factor Five: The Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and Plaintiff has provided the Court with well-pleaded allegations and documentation supporting his claim. *See*

*generally* Compl. Here, the Court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, and thus, there is no likelihood that any genuine issue of material fact exists. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003); *PepsiCo*, 238 F. Supp. 2d at 1177. Accordingly, the fifth *Eitel* factor favors the entry of default judgment.

           5.      <u>Factor Six: Whether Default was Due to Excusable Neglect</u>

Upon review of the record before the Court, there is no indication that the default was the result of excusable neglect. *See PepsiCo*, 238 F. Supp. 2d at 1177. Plaintiff served Defendants with the summons and the Complaint. (ECF No. 5.) Plaintiff also served Defendants with the first and second motions for default judgment and with the Court's October 15, 2024 and October 3, 2025 Orders. (ECF Nos. 11, 13, 20, 22.) Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Defendants have failed to participate in this action or to defend themselves. Accordingly, the sixth *Eitel* factor favors the entry of default judgment.

           6.      <u>Factor Seven: The Strong Policy Favoring Decisions on the Merits</u>

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Although the Court is cognizant of the policy favoring decisions on the merits, that policy does not, by itself, preclude the entry of default judgment where a defendant fails to appear or defend itself in an action. *See PepsiCo,* 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).

           7.      <u>Conclusion</u>

Upon consideration of the *Eitel* factors, the Court concludes that Plaintiff is entitled to the entry of default judgment against Defendants. The Court next determines

the terms of judgment.

**C.      Terms of Judgment**

Plaintiff requests injunctive relief, attorneys' fees in the amount of $2,415.00, and costs in the amount of $1,008.50. Pl. Mot. at 16-17. The Court addresses each in turn.

1.      Injunctive Relief

Plaintiff's Complaint seeks an injunction requiring Defendants to make repairs to the Property in a manner that makes the Property readily accessible to and usable by individuals with disabilities. Compl. at 21. As the factual allegations in the Complaint are taken as true, Plaintiff is entitled to injunctive relief. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.").

2.      Attorneys' Fees

The Ninth Circuit affords district courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). While the amount of a fee award is discretionary, the district court must "provide a concise but clear explanation of its reasons for the fee award." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (quoting *Barjon*, 132 F.3d at 500). Here, the relevant community is Sacramento, California, which is where this district court is

9

located.

Plaintiff seeks $2,415.00 in attorneys' fees. Pl. Mot. at 16; 9/7/2025 Richard A. Mac Bride Declaration, Exh. 1 (ECF No. 20-1). Specifically, Plaintiff requests $2,415.00 for attorney Richard A. Mac Bride, for 6.9 hours of legal services at an hourly rate of $350. Mac Bride Decl. ¶ 7. Plaintiff provides billing records for attorney Mac Bride from May 27, 2024 to September 17, 2024 for initial review of the allegations, reviewing and drafting the Complaint, preparing documents regarding the notice of default, and reviewing and editing the motion for default judgment. Mac Bride Decl., Exh. A. The Court finds that 6.9 hours is a reasonable amount of time for the work completed. Because Mr. Mac Bride has been practicing law for 26 years, the Court also finds the hourly rate of $350 for an attorney with 26 years of experience is reasonable in Sacramento and recommends granting counsel's requested $350 hourly rate. *See* Pl. Mot. at 18; Mac Bride Decl. ¶ 2. The Court notes that the requested hourly rate is a lower rate than the rate for attorneys with similar years of legal experience in the relevant community. *See, e.g., Gong-Chun v. Aetna Inc.*, 2012 WL 2872788, at *23 (E.D. Cal. July 12, 2012) (awarding between $490 and $695 per hour for senior counsel and partners). Accordingly, the Court recommends that Plaintiff be granted $2,415.00 for attorneys' fees.

### 3.    Costs

Plaintiff seeks $1,008.50 in costs to obtain ownership deed information from the assessor's office, for the filing fee of the Complaint, and service of process. Mac Bride Decl., Exh. A. Such costs are properly recoverable. *See* 42 U.S.C. § 12205. Accordingly, the Court finds Plaintiff's request of $1,008.50 in costs is compensable and should be awarded.

## IV.    CONCLUSION

For the reasons set forth above, it is HEREBY RECOMMENDED that:

1.    Plaintiff's second motion for default judgment (ECF No. 20) be GRANTED;

2.    Defendants be found and declared to be in violation of Title III of the

Americans with Disabilities Act;

3. Plaintiff be awarded reasonable attorneys' fees in the amount of $2,415.00 for Mr. Mac Bride;

4. Plaintiff be awarded costs in the amount of $1,008.50;

5. Defendants be ordered to make the following modifications to the business known as Patterson Chevron, located at 320 North 2nd Street, Patterson, California (the "Property"), such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act, as follows:

   a. A properly designated disabled accessible van-accessible parking space on the shortest accessible route to the main entrance, in compliance with United States Access Board ADA Accessibility Guidelines ("ADAAG") 4.6.2 (1991) (requiring shortest route), 4.1.2(b) (1991) (one in eight, but no less than one, must be "van accessible" as per ADAAG 4.6.4); and ADA § 208, § 208.3.1; § 502 (requirement for parking space), and § 502.3 (requirement for access aisle) (2010 standards).

   b. Provide proper signage for a disabled parking space, in compliance with ADAAG 4.6.4 (1991 standards) and ADAAG 502.6 (2010 standards), ADAAG 4.6.4 (1991 standards), and 502.6 and 703.2.1 (2010 standards) (signage and parking space designated "van accessible").

6. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  March 10, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, sepu1497.24

12